The opinion of the Court was delivered by
Mr. Justice Nott.
From the view which I have taken of this case, it is unnecessary to 'determine whether the deed of a minor is absolutely void in its creation, or only voidable. That question 1 consider superseded by another: to wit, whether the deed of the wife was not avoided by the subsequent conveyance of the husband. It. is admitted, that a minor, upon his arrival at full age, may avoid any deed made by him during his minority. It has already been determined, during the *204 sitting of this Court, that a husband has a right to the rents and profits of the wife’s lands during coverture. And that he has a right to sell, convey, or dispose of them in any manner he pleases during that period. Brown vs. Spann, If the wife could have made her election on her arrival at full age, being unmarried, to avoid or confirm her deed, all that the Court would require in order to declare it void, would be satisfactory evidence that she had made such election. And no higher evidence of that fact, I presume, would be required, than that she had conveyed to another person. I take it to be equally clear, that whatever rights the wife would have had in that respect before marriage, devolved on the husband afterwards, 1 Bacon, 290; Bacon & Ferne, &c. He could not convey her inheritance, but he could avoid her deed, which was voidable. And the plaintiff’s right being once suspended, was gone for ever. I do -not mean to say, that in all cases a right once suspended can never revive.- But where the ground of suspension goes to the destruction of the right, as in this case, it never can.
Some of my brethren, however, entertain doubts on this point, and think it a question of too much difficulty to be determined hastily^. No opinion, therefore, is given upon it by the Court.
But we all agree that the verdict is against evidence. The plaintiflf’s right was clearly es *205 tablished to an undivided moiety. His interest, therefore, ran through the whole. The defendant was a trespasser. He set up no title. If he had occupied but an inch of ground, he would • have been liable to this action. The plaintiff was entitled to recover an undivided half of the land, and such damages as he proved he had sustained; and the costs followed as a legal consequence. • This was an extremely ignorant Jury. I believe there was but one man on it who could write his name. They could not be made to understand, that a person having a right to one half of a tract of land, might hold per mi and per tout. And that ■ any entry by a stranger was a trespass upon the plaintiff But whether they erred through ignorance or obstinacy, the verdict is wrong. And Juries are not to be indulged in capriciously measuring the rights of parties according to their narrow views, although the injury is small. I am of opinion a new trial ought to be granted.
Colcock, Cheves, Ganit, and Johnson, J. concurred.